UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| Detelin Draganov, | CASE NO. C10-1336 RSM |
|---|---|
| Plaintiff, | ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND STRIKING MOTION TO APPOINT COUNSEL AS MOOT |
| v. | |
| State of Washington, | |
| Defendant. | |

Plaintiff Datelin Draganov proceeds *pro se* and *in forma pauperis*.  He filed a complaint under 42 U.S.C. § 1982 against the State of Washington, alleging that the Washington Supreme Court had denied him discretionary review and justice.  (Dkt. #3.)  Plaintiff requested compensatory damages and to vacate his convictions, fees, bails, and judgments.  *Id.*

The matter was referred to United States Magistrate Judge Brian A. Tsuchida on September 1, 2010.  (Dkt. #5.)  Upon reviewing Plaintiff's complaint, Judge Tsuchida determined that Plaintiff's complaint failed to state a claim upon which relief could be granted and granted leave to amend.  (Dkt. #6.)  Judge Tsuchida informed Plaintiff that to cure the

1   deficiencies he had identified, Plaintiff's amended complaint would need to include the

2   following: (1) "he must assert specific, plausible facts to support allegations of a violation of a

3   constitutionally or federally protected right and the resulting harm alleged in the complaint;" (2)

4   "he must identify a state actor and may not name the State of Washington as a defendant;" and

5   (3) he must "address when he knew or had reason to know of the injury which is the basis of the

6   action. *Id.*  Judge Tsuchida also informed plaintiff that he could not sue judicial officers for acts

7   taken within their judicial discretion, nor could he challenge the lawfulness of his conviction

8   unless the conviction had been reversed, expunged, invalidated, or impugned by the grant of a

9   writ of habeas corpus. *Id.*  Plaintiff was instructed to file an amended complaint by October 4,

10  2010. *Id.*

11          On October 5, 2010, Judge Tsuchida issued a Report and Recommendation advising the

12  Court to dismiss Plaintiff's complaint prior to service under § 1915(e)(2)(B)(ii) because plaintiff's

13  complaint failed to state a claim for which relief could be granted and because plaintiff had failed

14  to file an amended complaint within the time-period allowed by the Court.  (Dkt. #8.)  Plaintiff

15  was given until October 26, 2010 to file an amended complaint and any objections to the Report

16  and Recommendation. *Id.*  Plaintiff filed a 1983 Civil Rights Complaint (Dkt. #9) the same day

17  that Judge Tsuchida filed his Report and Recommendation.  On October 15, 2010, Plaintiff filed

18  A Proposed Amended Complaint (Dkt. #10) and a Motion to Appoint Counsel (Dkt. #11).

19  Plaintiff did not file objections to the Report and Recommendation.

20          The claims asserted in Plaintiff's Amended Complaint and 1983 Civil Rights Complaint

21  are substantially similar and appear to relate to a detention that occurred following a state court

22  proceeding.  (Dkt. #10, p. 5) (referring to a "Redmond Court – case 30007 CR – November 2007

23  – April 2009 and after that").  In his Amended Complaint, Plaintiff alleges deprivation of

24

1    property and liberty, other Fourth Amendment due process violations, Eighth Amendment

2    violations for cruel and unusual punishment, First Amendment violations, Sixth Amendment

3    violations, Fifth Amendment violations, and that the Court in his criminal conviction and/or

4    probation revocation hearing did not have jurisdiction over his case. (Dkt. #10).  In his 1983

5    Civil Rights Complaint, Plaintiff alleges the same violations as he alleges in his Amended

6    Complaint as well as criminal violations under 18 USC §§ 241, 242, & 245.  (Dkt. #9).  He also

7    includes allegations of unlawful detention, malicious prosecution, abuse of authority, and judicial

8    misconduct. *Id.*  In both complaints, Plaintiff requests $3,000,000 in compensatory relief and that

9    convictions, judgments and fees issued against him be vacated.

10        To support his allegations, Plaintiff asserts in his Amended Complaint that he was

11    subjected to a "a year and 3 months for alleged ph. call – no police report, no crime, no evidence

12    whatsoever"  and that he was "sent without reason in custody." (Dkt. #10).  He also claims that

13    there was "no translator at the revocation – zero tolerance case, no probation, nor prob. officer at

14    all." *Id.*  Finally, he claims "no jurisdiction over this matter as per prosecutor on 8/15/08

15    hearing." *Id.*  His 1983 Civil Rights Complaints asserts the same factual allegations.

16        From the little detail that has been provided about the factual circumstances giving rise to

17    Plaintiff's allegations, it appears that Plaintiff is attempting to challenge his prior conviction

18    and/or incarceration following a revocation hearing.  As Judge Tsuchida explained in his two

19    previous orders, section 1983 is not a proper vehicle for challenging state court convictions.  *See*

20    *Heck v. Humphrey,* 512 U.S. 477, 486-86 (1994).  To recover damages for an allegedly

21    unconstitutional conviction or imprisonment, or for other harm caused by actions that would

22    render a conviction or sentence invalid, a section 1983 plaintiff must show that the conviction or

23    sentence was reversed on appeal, expunged by executive order, declared invalid by a state

24

ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND STRIKING MOTION TO APPOINT COUNSEL AS
MOOT - 3

tribunal, or called into question by the issuance of a writ of habeas corpus by a federal court. *Id.* Since Plaintiff has failed to provide the forgoing evidence, and because Plaintiff has asked this court to vacate his conviction, the Court is compelled to conclude that Plaintiff's conviction still stands.  As such, relief cannot be granted under section 1983.

Plaintiff has been twice advised of the deficiencies in his complaint and has been unable to correct them.  The Court finds that Plaintiff simply cannot assert facts sufficient to state a claim under section 1983.  Further amendments to the complaint would be futile.  Accordingly, his action is DISMISSED without prejudice and without leave to amend prior to service under §1915(e)(2)(B)(ii).  Plaintiff's Motion to Appoint Counsel (Dkt. #11) is STRICKEN as moot. The Clerk is directed to close this case.

Dated this 1 day of November 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE